No. 2613.—JULES LEVY *v.* AMARON LEDOUX.

The act of renunciation by the wife of her rights on property ostensibly belonging to the community, does not preclude her from reclaiming it, free from any mortgages or incumbrances placed upon it by the husband, if she shows that it is actually her paraphernal property.

The renunciation of the wife, in an act of mortgage given by the husband, on the separate property of the wife, is a nullity.  C. C. 2412.

The simple denial by the wife that she derived benefit from an act of mortgage given by her husband and signed by her, on her separate property, is sufficient to put the creditor upon proof that the debt contracted by the act inured to her advantage, or to the advantage of her separate estate.

A mortgage given by the husband on the paraphernal property of the wife, with her renunciation, the paper title to which he has acquired by a series of probate proceedings, resulting in a sale of the property, at which he became the purchaser, can not be enforced after the sale made by the order of the probate court has been declared null. In such a case, the possession of the property is restored to the wife, unincumbered by the mortgages which the husband had placed upon it, even though the wife had made a renunciation of her rights in the act of mortgage itself.

APPEAL from the Seventh Judicial District, parish of Pointe Coupée. *Miller*, J.  *Cooley & Philips*, for plaintiff and appellant.  *Thomas H. Hewes* and *Lea, Finney & Miller*, for defendant and appellee.

TALIAFERRO, J.  This is an injunction suit.  Ledoux, a creditor of Ovide Lejeune, having a mortgage by authentic act, containing the pact *de non alienando*, obtained an order of seizure and sale of the tract of land and plantation mortgaged by Lejeune, but which, at the time of the seizure, was in the possession of Levy, the plaintiff in injunction, who thereupon enjoined the sale, on several grounds, the principal of which are, that he is the *bona fide* and legal owner of the property seized, which never belonged to Lejeune, and consequently that he could not grant a valid mortgage upon it.

The defendant in injunction denies the allegations in the plaintiff's petition, asserts title in his debtor to the property mortgaged, and prays a dissolution of the injunction, with twenty-five per cent. damages, and costs, etc.

The court below dissolved the injunction, at the plaintiff's cost, but without awarding damages.

From this judgment the plaintiff appealed.

The plaintiff purchased the property from Margaret C. Decuir, wife of Arthur Levy, on the twenty-sixth of June, 1865.  Margaret Decuir had been the wife of Ovide Lejeune, but was divorced from him, and contracted a second marriage.  She derived from the successions of her

father and mother a large and valuable property in the parish of Pointe Coupée, consisting of several tracts of land, a sugar plantation and a number of slaves. There was a marriage contract entered into at the time of her marriage, and in that act it was declared that all the present and future property of the wife should be dotal. The debts of the succession of her parents, compared with the means in hand, were unimportant.

Lejeune set about to divest the property of its dotal character, by the machinery of an administration, inventory and sale, at which he became the purchaser. During this apparent ownership, he executed the mortgage which Ledoux is aiming to enforce.

Mrs. Levy, after her divorce from Lejeune, instituted proceedings to set aside the acts which he had resorted to for the purpose of changing the character and condition of the property, and in this she was successful. The suit she brought for this purpose was finally decided by this court, in August, 1860. See 15 An. 569.

The decree then rendered, and the proceedings subsequently taken under it, in the court of the first instance, such as the putting of Mrs. Lejeune in possession of her property, etc., are in evidence in the case before us. The principal inquiry in the case is, did the annulling of the sale made under the forms of law, reinstate Mrs. Lejeune's property free from the mortgage executed by her husband, in favor of Ledoux? Lejeune's pretended purchase of the property took place on the twenty-second of May, 1850, and he mortgaged it to Ledoux on the thirty-first of the same month; and on the same day, his wife executed an act renouncing all her rights on the property, in favor of the mortgagee. For ought that appears in the record to the contrary, Ledoux seems not to have been aware of the fatal defects inherent in his mortgagor's title.

And here it is contended, and with apparent plausibility, that, having made a formal renunciation of her rights on property ostensibly belonging to the community existing at the time between herself and husband, she should not be permitted to perpetrate a wrong upon the mortgagee, by reclaiming the property free from the mortgage, and that her vendee is in no better condition than she is; that on the public records stood the probate proceedings, by which it appeared that, in due course of law, the property in question was sold, and that Lejeune became the purchaser, and that Ledoux was not required to look beyond that title. Also, that his mortgage was of record, and therefore notice to Levy of the incumbrance under which he purchased.

But the answer to this is, that the wife could not be made the instrument to inflict injury upon herself. It is not pretended that a cent of this large sum of money, borrowed from Ledoux, was to go to the use or benefit of her separate property, or in any manner to benefit her. The property mortgaged was hers. It was dotal property. She could

not affect it in any manner, on account of debts contracted by her husband. The law is express that, "the wife, whether separated in property by contract or by judgment, or not separated, can not bind herself for her husband, nor conjointly with him, for debts contracted by him before or during the marriage." C. C. article 2412. The renunciation of rights on her own property was utterly null. If the records showed an apparent title in the husband, and the mortgagee was not required to look beyond that title, he, as a prudent man, should at least have seen that that title was a good one. The records equally showed the marriage contract, and that contract constituted the property dotal, which was duly recorded.

The various acts, making up a showing of title in the husband, were a mere tissue of fraud, elaborated by the semblance of judicial proceedings. But the appliances of the law can not be used to inflict wrong, or to render fraud successful.

It has been frequently decided by this court that the simple denial of the wife that she derived benefit to her separate estate from acts or any kind signed by her with her husband, is sufficient to put the creditor upon proof that the debt contracted by the act inured to her advantage. In this instance, the wife made, in the usual form, a renunciation of her rights of legal mortgage, etc., on the property mortgaged. The act can not be construed as a ratification of the husband's pretension to ownership of the property mortgaged. She was not estopped thereby; for, if she were, the fraud of her husband would be consummated, and the protection extended to her by law would be rendered nugatory.

This case illustrates the reason upon which the protection of married women's rights is founded. Here, a large estate is inherited by the wife; a marriage contract it entered into, by which it is declared to be dotal. It is thus made exempt from sale or mortgage during marriage, except in particular cases, specially provided for by the Code. But this prohibition against the sale or mortgage of this property is sought to be evaded by indirection. The debts of the successions from which the wife derived the estate, were comparatively insignificant. No necessity existed for the sale of property to pay these debts; and yet the husband, with fraudulent intent, takes out letters of administration on the estate, sells the wife's property, buys it himself, and then executes a mortgage upon it to secure the payment of a large debt of his own contracting, and on account of which the wife has derived no benefit whatever.

In the case of Mary J. Bisland v. Provosty et al., decided in 1859, 14 An. 169, our predecessors entered at considerable length into a review of the laws and jurisprudence of the State in regard to the rights of married women. In that case, the husband mortgaged, as his own, a large property, consisting of land and slaves, when, in fact,

Levy v. Ledoux.

more than half the eighty slaves mortgaged were the separate property of his wife. Subsequently she declared, by authentic act, that she ratified and confirmed the mortgage in all its parts, without exception or reservation. The mortgagees having to resort to their rights of mortgage to enforce payment of the mortgage debt, issued execution. The husband made a surrender, under the insolvent laws, but did not include the slaves which were the separate property of the wife. All the mortgaged property, however, went into the hands of the syndic. Against him, the wife, having resumed the administration of her paraphernal estate, brought suit to recover that portion of the slaves which were her own property. The creditors objected that the wife, having admitted the slaves in controversy to be the property of her husband, was estopped from denying it; that her conduct had been deceitful and unfair, not to say fraudulent, and that she had thereby deprived herself of the right to ask relief from the court. The court, however, thought differently, and so decided, after commenting upon the different grounds of defense, which were thought unavailing, in view of the true position occupied in the eye of the law by the plaintiff.

The case now before us for determination, is one, in our opinion, far stronger in favor of the wife than the one just referred to. See 9 L. R. 580; 12 An. 852; 13 An. 2; C. C. 2337, 2320, 2412; 5 An. 173; 7 N. S.; 7 An. 294; 12 R. 84. Also, the cases of Provosty v. Demoulin, 14 An., and Paschal v. Sauvenet, 1 An. 429.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that the injunction sued out by plaintiff be perpetuated, and that he have judgment in his favor, the defendant and appellee paying costs in both courts.

Rehearing refused.